IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY WELLS,

                Plaintiff,          Case No. 3:07 CV 646

-vs-

                                        MEMORANDUM OPINION

BOUN NHEUANG OUTHAVONG, et al.,

                Defendant.

KATZ, J.

**I. Background**

On February 12, 2007, Plaintiff Anthony Wells, through counsel, filed a complaint in the Court of Common Pleas for Allen County against Defendants Central Refrigerated Services, Inc. and Boun Nheuang Outhavong. The case was removed to this Court on March 5, 2007. The case arises from an auto accident between Wells and Outhavong. Wells alleges that while Outhavong was driving a truck, he struck Wells' automobile, causing extensive injuries and damage. Wells' complaint claims negligence, respondeat superior and vicarious liability, and negligent entrustment. On January 21, 2008, Defendant Central Refrigerated moved for partial summary judgment with regard to Count Four, negligent entrustment. Plaintiff has not filed an opposition. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**II. Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function

2

is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

In Ohio, an owner of a vehicle may be liable for damages caused by another driver of that vehicle via the doctrine of negligent entrustment.

> It is a well settled rule of law that the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of the vehicle by an inexperienced or incompetent driver, upon the ground of negligence, if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to such a driver.

*Gulla v. Straus*, 154 Ohio St. 193, 198-99 (Ohio 1950) (citations omitted). The plaintiff must show that the vehicle was driven with the owner's permission and authority; the entrusted driver was an incompetent driver; and at the time of the entrustment the owner knew "or had knowledge of such facts and circumstances as would imply knowledge," that the driver was unlicensed or incompetent of unqualified to operate the vehicle. *Id*. at syllabus ¶5. *See also Cox v. Dubois*, 16 F.Supp.2d 861, 865-66 (S.D. Ohio 1998); *Williams v. Eclipse Motor Lines, Inc.*, 145 Ohio St. 467 (Ohio 1945).

3

In the case at bar, Plaintiff has not shown that an action for negligent entrustment against Central can be legally sustained. In the first instance, Plaintiff did not respond to Central's motion for partial summary judgment on the issue. As such, Plaintiff has not met its burden, as discussed above, to present evidentiary material in support of its position in the pleadings.

Additionally, Plaintiff cannot rebut Defendant Central's assertion that Central was not the owner of the tractor driven by Outhavong. Outhavong testified that he was the owner and operator of the vehicle. Outhavong Depo. at 12. He was not an employee of Central, but rather an independent owner/operator under contract with Central. Liability for negligent entrustment applies to hold an owner liable for the driving of its employee. That law is facially not applicable to Central as Outhavong was an independent owner of the vehicle. Furthermore, Central has presented deposition testimony that Outhavong had only two traffic violations prior to the underlying accident, one for speeding and one for an improper lane change. These violations alone are not sufficient notice arising to assumed knowledge of any inexperience or incompetence on Outhavong's part to give rise to liability against Central for negligent entrustment. The claim fails on that basis as well.

**IV. Conclusion**

For the reasons stated herein, Defendant Central's motion for partial summary judgment with regard to negligent entrustment is hereby granted. (Doc. 37.)

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE